IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS LEE KING,
    Petitioner,

vs.                                        Case No.: 3:15cv98/LAC/EMT

JULIE L. JONES,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 15). Petitioner filed a response in opposition to the motion (ECF No. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed and established by the state court record (ECF No. 15).[1]  Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 2010-CF-2470, with one count of Sell, Manufacture, Deliver, or Possess with Intent to Sell, Manufacture, or Deliver a Controlled Substance (cocaine) (Ex. A).  Petitioner and the State entered into a written Plea and Sentence Agreement, pursuant to which Petitioner agreed to enter a "straight up" plea of nolo contendere to the charge, with the understanding that the State was seeking a Habitual Felony Offender ("HFO") sentence enhancement (Ex. B).  The trial court accepted the plea (Ex. M at 89–103).  On August 10, 2011, the court adjudicated Petitioner guilty as charged, and imposed an HFO sentence of 180 months in prison, with pre-sentence jail credit of 56 days, but with no mandatory minimum term (Ex. C, Ex. M at 104–35).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-4495 (Ex. D).  On January 29, 2012, while the appeal was pending, Petitioner filed a motion to correct sentence, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (Ex. E).  The trial

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 15) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

court denied the motion on March 12, 2012, and advised Petitioner that he had the right to appeal the order within 30 days (Ex. F). Petitioner filed a notice of appeal on April 8, 2012 (Ex. G). The First DCA assigned Case No. 1D12-1918 (*see* Ex. I). On May 3, 2012, the First DCA dismissed the direct appeal in Case No. 1D11-4495, for Petitioner's failure to file an initial brief in a timely manner (Ex. H). On August 17, 2012, the First DCA issued an order in Case No. 1D12-1918, directing Petitioner to show cause why the appeal should not be dismissed as duplicative of Case No. 1D11-4495, because the Rule 3.800(b)(2) motion was filed and ruled upon during the pendency of Petitioner's direct appeal, and properly docketed in Case No. 1D11-4495 (Ex. I). On August 28, 2012, Petitioner filed a motion to voluntarily dismiss the duplicative appeal (Ex. J). On October 3, 2012, the First DCA construed Petitioner's motion to dismiss as a response to the show cause order, and dismissed the case (Ex. K). King v. State, 98 So. 3d 247 (Fla. 1st DCA 2012) (Mem). The mandate issued October 30, 2012 (Ex. L).

On September 14, 2012, Petitioner filed a motion for reduction or modification of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. M). The court denied the motion in an order rendered November 26, 2012 (Ex. N).

On February 14, 2013, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. O at 1–22). The circuit court summarily denied the Rule 3.850 motion in an order rendered July 18, 2013 (*id.* at 81–84). Petitioner appealed the decision to the First DCA, Case No. 1D13-4854 (*id.* at 146). The First DCA affirmed the lower court's decision per curiam without written opinion on March 7, 2014 (Ex. P). King v. State, 134 So. 3d 953 (Fla. 1st DCA 2014) (Table). The mandate issued April 2, 2014 (Ex. Q).

On September 9, 2014, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D14-4153 (Ex. R). On October 6, 2014, the First DCA dismissed the petition, citing Baker v. State, 878 So. 2d 1236 (Fla. 2004) (Ex. S). King v. State, 148 So. 3d 501 (Fla. 1st DCA 2014) (Mem).

Petitioner commenced the instant federal habeas action on March 11, 2015 (ECF No. 1).

II.  ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of

limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2).

Respondent argues that Petitioner's conviction became final on August 1, 2012, when the 90-day period to file for review in the United States Supreme Court expired after First DCA dismissed Petitioner's direct appeal (ECF No. 15 at 3). Respondent acknowledges that during that time, Petitioner's appeal from the denial of his Rule

3.800(b)(2) motion was pending, but Respondent contends that the appeal was not "properly filed," as defined under § 2244(d)(2), and thus did not toll the federal limitations period (*id.*).

Petitioner contends his conviction became final on January 28, 2013, when the 90-day period to file for review in the Supreme Court expired after the First DCA dismissed the appeal of his Rule 3.800(b)(2) motion (*see* ECF No. 18 at 1–2).

The Supreme Court has held that a conviction becomes final, for purposes of § 2244(d)(1)(A), when the availability of direct appeal to the state courts, and to the United States Supreme Court, has been exhausted. *See* Jimenez v. Quarterman, 555 U.S. 113, 119, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009). Accordingly, a state prisoner's conviction becomes final when the United States Supreme Court denies certiorari, issues a decision on the merits, or after the expiration of the 90-day period in which to seek certiorari review expires. *See id.* Assuming, without deciding, that a prisoner is entitled to seek certiorari review in the Supreme Court from a direct appeal that was dismissed by the state court, and is therefore entitled to the 90-day grace period, the 90-day period for seeking certiorari review was triggered by the First

DCA's dismissal of Petitioner's direct appeal, on May 3, 2012, and it expired 90 days later, on August 1, 2012.[2]

The federal statute of limitations began to run on August 2, 2012, the day after the 90-day period for Petitioner to file a petition for review in the United States Supreme Court expired. Petitioner had one year from that date, or until August 2, 2013, to file his § 2254 petition. *See* McCloud v. Hooks, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citation omitted). Petitioner did not file his federal petition on or

---

[2] To the extent Petitioner contends that his duplicative appeal extended the finality date of his conviction (*see* ECF No. 18 at 1–2), the undersigned disagrees. As the First DCA noted in the show cause order issued in the duplicative appeal, Case No. 1D12-1918, Petitioner's Rule 3.800(b)(2) motion was properly docketed in the direct appeal, Case No. 1D11-4495 (*see* Ex. I). Indeed, this Court takes judicial notice of First DCA's docket in Case No. 1D11-4495, which indicates that on March 20, 2012, the First DCA received the supplemental records. *See* http://www.1dca.org/ (search Case No. 1D11-4495). The First DCA's dismissal of Case No. 1D11-4495, on May 3, 2012, concluded the State's direct review process of the judgment and sentence, including review of the trial court's denial of Petitioner's Rule 3.800(b)(2) motion. It was the First DCA's decision in the direct appeal, not the duplicative appeal, that Petitioner could have sought review of in the Supreme Court by filing a petition for review within 90 days. Upon expiration of that 90-day period, the availability of direct appeal to the state courts, and to the United States Supreme Court, had been exhausted, and the judgment was final. The First DCA's dismissal of the duplicative appeal did not extend this finality date.

before August 2, 2013; therefore, it is untimely unless tolling principles apply and render it timely.

Petitioner contends he is entitled to statutory or equitable tolling during the period that the duplicative appeal of his Rule 3.800(b)(2) motion was pending (*see* ECF No. 18 at 2). Respondent contends that the appeal was not "properly filed," for purposes of § 2244(d)(2), because the First DCA ruled that it was duplicative and dismissed it (*see* ECF No. 15).

Although it is well established that a state post-conviction application over which the state court lacks jurisdiction, or which fails to satisfy state filing requirements (for example, "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee," *see* Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)), is not "properly filed" for purposes of § 2244(d)(2),[3] the undersigned has found no legal

---

[3] *See* Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (prisoner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed" for purposes of § 2244(d)(2)); Melson v. Allen, 548 F.3d 993 (11th Cir. 2008) (prisoner's state post-conviction motion, which was dismissed by the state court for failure to comply with the rule requiring verification, was not "properly filed"); Delguidice v. Fla. Dep't of Corr., 351 F. App'x 425, 428–29 (11th Cir. 2009) (even though state court accepted prisoner's unverified motion and did not dismiss it as improperly filed, the oath requirement was a filing condition, and prisoner's failure to satisfy it rendered the motion improperly filed for purposes of § 2244(d)(2); Price v. Sec'y Dep't of Corr., 489 F. App'x 354, 355 (11th Cir. 2012) (prisoner's 250-page Rule 3.850 motion did not comply with the Rule's requirement that the motion include "a brief statement of the facts," and was thus not "properly filed" for purposes of 2244).

authority from any federal court addressing the issue of whether a pleading dismissed as duplicative is "properly filed." However, the court need not decide whether a duplicative state post-conviction application is "properly filed," because even if the federal limitations period was tolled during the pendency of the duplicative appeal, the § 2254 petition would still be untimely.

The duplicative appeal was pending until October 30, 2012, upon issuance of the First DCA's mandate. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period resumed the next day, on October 31, 2012, and ran for **106 days** until Petitioner filed his Rule 3.850 motion.[4] Petitioner's

---

[4] Petitioner filed a Rule 3.800(c) motion on September 14 2012, but that motion did not statutorily toll the limitations period, because a Rule 3.800(c) motion does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2). *See* Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1297 (11th Cir. 2008) (holding that petitioner's Fla. R. Crim. P. 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for state postconviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2)); *see also* Baker v. McNeil, 439 F. App'x 786, 787–89 (11th Cir. 2011) (distinguishing Wall v. Kohli, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011), and confirming the continued validity of Alexander, *supra*); *see also, e.g.*, Rogers v. Sec'y, Dep't of Corr., No. 4:14cv62/MW/GRJ, 2015 WL 3407439, at *2 (N.D. Fla. May 26, 2015) (unpublished) (Rule 3.800(c) was not a tolling more under § 2244(d)(2)); Vining v. Sec'y Fla. Dep't of Corr., No. 1:13cv246/MMP/GRJ, 2015 WL 500597, at *2 (N.D. Fla. Feb. 5, 2015) (unpublished) (same); Morrison v. Crews, No. 3:14cv20/RV/CJK, 2014 WL 6633549, at *4 (N.D. Fla. Nov. 24, 2014) (unpublished) (same); Garrison v. Sec'y, Dep't of Corr., No. 1:12cv145/LAC/GRJ, 2014 WL 2005651, at *1 (N.D. Fla. May 16, 2014) (unpublished) (same); Roberts v. Sec'y of Fla. Dep't of Corr., No. 3:13cv82/WS/EMT, 2014 WL 28796, at *3 n.3 (N.D. Fla. Jan. 2, 2014) (unpublished)

Rule 3.850 motion was pending until April 2, 2014, upon issuance of the First DCA's mandate. *See id.* The federal limitations period resumed the next day, and ran for **159 days**, until Petitioner filed his state habeas petition on September 9, 2014. The habeas petition was pending until October 21, 2014, upon expiration of the 15-day period for Petitioner to file a timely motion for rehearing of the court's October 6, 2014 order dismissing the habeas petition. *See* Fla. R. App. P. 9.330(a).[5] The federal limitations period resumed on October 22, 2014, and expired **100 days** later, on January 29, 2015 (**106 days + 159 days + 100 days = 365 days**). Petitioner's federal habeas petition, filed on March 11, 2015, was thus untimely.

Petitioner has not shown that any other tolling principles apply, or that he is entitled to review of his § 2254 petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final

---

(same).

[5] Respondent contends that the state habeas petition was not "properly filed" for purposes of statutory tolling (*see* ECF No. 15 at 3–4). This argument was rejected by the Eleventh Circuit in Thompson v. Sec'y, Dep't of Corr., 595 F.3d 1233 (11th Cir. 2010).

Case No.: 3:15cv98/LAC/EMT

order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 15) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of June 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**